**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50056 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-07138-LAB-1 |
| v. | |
| MAXIMO FLORES-LEZAMA, AKA Maximo Lesama Flores, AKA Maxino Flores-Lezama, AKA Maximo Flores-Lezaman, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 4, 2020**

Before:     FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Maximo Flores-Lezama appeals from the district court's judgment and

challenges the 24-month custodial sentence and 1-year term of supervised release

imposed following revocation of supervised release.  We have jurisdiction under

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291, and we affirm.

Flores-Lezama contends that the district court erred by imposing the custodial sentence to punish him for the conduct underlying the revocation. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court relied on only proper sentencing factors, including Flores-Lezama's significant immigration and criminal history, and the need to afford adequate deterrence. *See* 18 U.S.C. § 3583(e); *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007). The within-Guidelines sentence is also substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Flores-Lezama also argues that the district court procedurally erred by imposing a term of supervised release without expressly finding that supervision would serve as an additional measure of deterrence and protection. Reviewing for plain error, *see Valencia-Barragan*, 608 F.3d at 1108, we conclude that there is none. The record reflects that the district court was aware of U.S.S.G. § 5D1.1 and adequately explained the sentence. *See United States v. Daniels*, 541 F.3d 915, 922 (9th Cir. 2008). Further, in light of the district court's concerns with deterring Flores-Lezama from future criminal conduct, he has not shown a reasonable probability that the district court would not have imposed a supervised release term

had it explicitly discussed the need for supervised release.  *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

**AFFIRMED.**